```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                        EASTERN DIVISION
```

Rosalie Grant,                    :

      Plaintiff,             :

  v.                              :          Case No. 2:04-cv-1091

Bob Taft, et al.,                 :          JUDGE FROST

      Defendants.            :


REPORT AND RECOMMENDATION

    On July 12, 2005, Ms. Grant was ordered to show cause why this action should not be dismissed for failure to exhaust prison grievance remedies. This action is now before the Court on Ms. Grant's response to the show cause order and for screening under 28 U.S.C. §1915A. For the following reasons, it will be recommended that Ms. Grant's complaint be dismissed in part.

    28 U.S.C. §1915A provides that the Court "shall review before docketing, if feasible . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and further provides that the Court "shall . . . dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." A suit is frivolous if it lacks any arguable foundation in either fact or law. See Neitzke v. Williams, 490 U.S. 319 (1989). A complaint fails to state a claim if, after accepting as true all well-pleaded allegations of the complaint, it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. See

Conley v. Gibson, 355 U.S. 41 (1957). The Court is mindful that pro se complaints are to be construed liberally in favor of the pro se party. See Haines v. Kerner, 404 U.S. 519 (1972). It is with these standards in mind that the Court conducts its initial screening of Ms. Grant's complaint.

Ms. Grant names as defendants to this action Bob Taft, Reginald Wilkinson, Bruce Martin, Patricia Andrews, Jennifer Hildebrand, O. Annunike, and Kay Northrup. Although Ms. Grant does not cite to specific Amendments to the United States Constitution in support of her claims, the Court will presume that her claims are raised under 42 U.S.C. §1983 in that she claims that Defendants have engaged in particular acts "under color of state law." Complaint at 5.

Ms. Grant claims that her conditions of confinement are unconstitutional because Defendants have not housed her in a smoke-free environment. Instead, she is housed in Kennedy Building where allegedly, "24 hours and 7 days a week," she is "forced to breathe clouds of Environmental Tobacco Smoke." Complaint at 1. She claims that she has been diagnosed with chronic lung disease and enlarged lymph nodes in her chest cavity. Breathing in tobacco smoke causes her "shortness of breath, chest pains, headaches, rash outbreaks and inflammation in her lungs." Id. She asserts a claim of denial of adequate medical care based on Defendants' alleged failure to treat her for these reactions. She also claims that Defendants have failed to maintain Kennedy Building in a clean and sanitary manner. She claims that "mold, mildew and bacteria grows unchecked on walls/ceilings, shower stalls and drains are laden with garbage and slime, toilets leak out into the sleeping dorms causing urine [and] feces smells to reek, [and there is an] infestation of nests of black, brown [and] tan spiders that constantly attack." Id. at 3. Finally, she claims that Defendants have violated her

right of access to the courts because there are not sufficient tables and chairs and typewriters in the library at the Ohio Reformatory for Women where she is incarcerated.

The Court first turns to Ms. Grant's response to the show cause order. Attached to Ms. Grant's response are a number of documents relating to exhaustion. Review of these documents reveals that the cigarette smoke claim was exhausted through grievance number 03-04-002. The decision by the chief inspector on this grievance is dated August 23, 2004. The denial of medical care claim was exhausted through grievance number 03-04-003. The decision by the chief inspector on this grievance is dated August 23, 2004. The claim regarding seating in the library and typewriters was exhausted through grievance number 03-04-015. The decision by the chief inspector on this grievance is dated August 26, 2004. The living conditions claim was exhausted through grievance number 04-04-014. The decision by the chief inspector on this grievance is dated December 27, 2004. Based on this documentation, the Court concludes that Ms. Grant exhausted administrative remedies for her claims.

Regarding Ms. Grant's claims against Governor Taft, it will be recommended that they be dismissed. Allegations of direct involvement in constitutional deprivations, rather than attempts to impose liability by virtue of the doctrine of respondeat superior, are necessary in order to hold an individual defendant liable under §1983. See Hays v. Jefferson County, 668 F.2d 869, 874 (6th Cir. 1982). Although there are other legal claims that can properly be asserted against a supervisor simply because someone under his or her supervision may have committed a legal wrong, liability for constitutional deprivations under 42 U.S.C. §1983 cannot rest on such a claim. Consequently, unless the plaintiff's complaint affirmatively pleads the personal involvement of a defendant in the allegedly unconstitutional

3

action about which the plaintiff is complaining, the complaint fails to state a claim against that defendant and dismissal is warranted.  See also Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984).

Ms. Grant has not alleged Governor Taft's personal involvement in the alleged constitutional deprivations set forth in the complaint.  Ms. Grant claims only that she mailed letters to him requesting his assistance in having her moved to smoke-free housing.  However, the fact that the governor may have received a letter from Ms. Grant is not sufficient to establish his personal involvement.  As one court explained "if mere receipt of a letter or similar complaint were enough, without more, to constitute personal involvement, it would result in liability merely for being a supervisor, which is contrary to the black-letter law that §1983 does not impose respondeat superior liability." Johnson v. Wright, 234 F.Supp.2d 352, 363 (S.D.N.Y. 2002)(internal quotation omitted).  Therefore, it will be recommended that Ms. Grant's claims against Governor Taft be dismissed.

Regarding defendants Dr. Martin and Ms. Northrup, Ms. Grant does not name them in connection with any of her allegations.  As stated above, allegations of direct involvement in constitutional deprivations, rather than attempts to impose liability by virtue of the doctrine of respondeat superior, are necessary in order to hold an individual defendant liable under §1983.  See Hays v. Jefferson County, 668 F.2d at 874.  Aside from the fact that Dr. Martin and Ms. Northrup are named as defendants to this action, the nature of their involvement is unclear from the face of the complaint.  Therefore, it will be recommended that Ms. Grant's claims against Dr. Martin and Ms. Northrup be dismissed.

In connection with her claims concerning cigarette smoke and denial of adequate medical care for harm caused by exposure to

4

cigarette smoke, Ms. Grant names Mr. Wilkinson, Ms. Andrews, Ms. Hildebrand, and Ms. Annunike. See Complaint ¶13. A plaintiff states an Eighth Amendment claim based on exposure to cigarette smoke if she alleges both an objective and subjective component. Objectively, she must show that her medical needs are sufficiently serious and that the risks associated with the exposure are "so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk." Helling v. McKinney, 509 U.S. 25, 36 (1993). Subjectively, the plaintiff must also establish that prison officials knew of and were indifferent to her serious medical needs. See Talal v. White, 403 F.3d 423, 426 (6th Cir. 2005).

For the objective component, as explained above, Ms. Grant states that she is housed in Kennedy Building where allegedly, "24 hours and 7 days a week," she is "forced to breathe clouds of Environmental Tobacco Smoke." Complaint at 1. She claims that she has chronic lung disease and enlarged lymph nodes. The cigarette smoke to which she is exposed causes her "shortness of breath, chest pains, headaches, rash outbreaks and inflammation in her lungs." Id. For the subjective component, she alleges that Defendants are aware of her health condition and that although she complained about the cigarette smoke, they have both failed to remedy the situation and adequately treat her medical needs. The Court concludes that Ms. Grant has sufficiently alleged the objective and subjective components of her Eighth Amendment claim such that it should go forward.

In connection with her claim concerning her living conditions, Ms. Grant names Mr. Wilkinson, Ms. Andrews, Ms. Hildebrand, and Ms. Annunike. See Complaint ¶5. In Hoptowit v. Spellman, 753 F.2d 779 (9th Cir. 1985), the court held that living conditions were in violation of the Eighth Amendment when the prison facility was infested with vermin and there was

5

standing water, flooded toilets and sinks, and lack of proper ventilation. See id. at 783. As stated above, Ms. Grant claims that in the Kennedy Building, "mold, mildew and bacteria grows unchecked on walls/ceilings, shower stalls and drains are laden with garbage and slime, toilets leak out into the sleeping dorms causing urine [and] feces smells to reek, [and there is an] infestation of nests of black, brown [and] tan spiders that constantly attack." Complaint at 3. Construing Ms. Grant's complaint liberally in her favor, the Court concludes that these allegations are sufficient to allow this claim to go forward.

In connection with her claim regarding seating in the library and the number of typewriters, Ms. Grant names Mr. Wilkinson, Ms. Andrews, and Ms. Hildebrand. See Complaint at 4. As stated above, Ms. Grant claims that there are not sufficient tables and chairs and typewriters in the library at the Ohio Reformatory for Women where she is incarcerated. The Court construes this as a claim of denial of access to the courts in violation of the First Amendment.

To state a claim of denial of access to the courts, a plaintiff must allege an actual injury arising from the denial of access. See Lewis v. Casey, 518 U.S. 343, 351 (1996). Actual injury cannot be shown "simply by establishing that [the] prison's law library or legal assistance program is sub par in some theoretical sense." Id. Rather, in order to establish a constitutional injury, "the inmate . . . must go one step further and demonstrate that the alleged shortcomings in the library . . . hindered his efforts to pursue a legal claim." Id.

Review of the complaint does not reveal an assertion that Ms. Grant was hindered in her efforts to pursue a legal claim as a result of the inadequate seating and insufficient number of typewriters. Therefore, it will be recommended that this claim be dismissed for failure to state a claim.

Based on the foregoing, it is RECOMMENDED that Governor Taft, Dr. Martin, and Ms. Northrup be dismissed as defendants to the action. It is further RECOMMENDED that her claim regarding seating in the library and the number of typewriters be dismissed for failure to state a claim.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within ten (10) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. Section 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

/s/ Terence P. Kemp
United States Magistrate Judge