```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                      EASTERN DIVISION
```

Rosalie Grant,                    :

    Plaintiff,                 :

  v.                              :       Case No. 2:04-cv-1091

Bob Taft, et al.,                 :       JUDGE FROST

    Defendants.                :

## OPINION AND ORDER

This matter is before the Court to consider objections filed by plaintiff, Rosalie Grant, to a Report and Recommendation filed on May 18, 2007. The Report and Recommendation involves a motion for summary judgment, so the Court's review is *de novo*. 28 U.S.C. §636(b)(1). For the following reasons, the objections will be overruled and this case will be dismissed.

Although the defendants' summary judgment motion and the Report and Recommendation address all of plaintiff's claims, the objections relate only to the claim that Ms. Grant was exposed to unreasonable levels of environmental tobacco smoke (ETS). Thus, the Court's review of the Report and Recommendation will be limited to that issue.

The Magistrate Judge recommended dismissal of this claim because Ms. Grant had not produced sufficient evidence on either the subjective or objective prongs of the relevant Eighth Amendment standard as set forth in <u>Farmer v. Brennan</u>, 511 U.S. 825 (1994). With respect to the subjective prong, there was no evidence concerning the level of ETS present in Ms. Grant's housing unit, which was a designated non-smoking unit, so that the Court could not evaluate whether any of the defendants deliberately disregarded a substantial risk to Ms. Grant's health and safety. With respect to the objective prong, there was no evidence that the level of ETS exposure, whatever it was,

actually had more than an incidental or minimal impact on Ms. Grant's health.  In objecting to those conclusions, Ms. Grant has submitted three new affidavits which were not before the Court in connection with the summary judgment proceedings.

Ordinarily, after summary judgment motions have been filed and the Court has rendered a preliminary decision on such motions, neither party has the right to supplement the record with additional evidence.  See Fed.R.Civ.P. 56(c).  If these affidavits are disregarded, the Court concludes that there is no basis for altering the Magistrate Judge's conclusion that defendants are entitled to summary judgment.  Even if the affidavits are considered, they show, at most, that at some time that Ms. Grant was housed in the Kennedy non-smoking unit, there was smoking in that unit.  Only one of the three affidavits, however (the one from Sonya Jackson) indicates that the smoking occurred while Ms. Grant was housed there.  That affidavit states that smoking was constant in the bathroom areas and occurred on some unspecified number of occasions in the bed areas.  It also confirms that prison officials took steps to curtail this activity, although those steps were ineffectual.  Even this affidavit provides no additional information to support the proposition either that any of the named defendants deliberately disregarded a serious risk to Ms. Grant's health or that such a risk existed.  Consequently, these affidavits do not provide any basis for denying the defendants' summary judgment motion.

For the foregoing reasons, the objections (#36) to the Report and Recommendation are OVERRULED and the Report and Recommendation is ADOPTED.  The defendants' motion for summary

2

judgment (#26) is GRANTED. This case is DISMISSED WITH PREJUDICE. The Clerk is directed to enter judgment in favor of the defendants.

                                          /s/ Gregory L. Frost
                                          GREGORY L. FROST
                                          UNITED STATES DISTRICT JUDGE